the presence of numerous uniformed, armed law enforcement officers might be considered a form of restraint, and a showing of the need of their presence should be required in such circumstances. A.B.A. Project on Minimum Standards for Criminal Justice, Standards Relating to Trial by Jury, (Approved Draft 1968), standard 4.1(C), Comment, p. 94. The trial justice may not delegate responsibility that is his to the so-called security committee or its advisers. The presence of the State Police is a decision that must be resolved solely by the trial justice after consideration of all relevant factors.

The motion for reconsideration is granted, the order denying the petition for certiorari is vacated, the petition for certiorari is granted, the order of the trial justice is quashed, and the records certified to us are ordered returned to the Superior Court with decision of the Court endorsed thereon. Bevilacqua, C. J. not participating. *Julius C. Michaelson*, Attorney General, *Gregory L. Benik*, Special Assistant Attorney General, for plaintiff. *Harris L. Berson, Paul J. DiMaio, Bevilacqua & Cicilline, John F. Cicilline, Harvey Brower*, Worcester, Mass., for defendants.

M. P. No. 76-160. STATE *v.* SIDNEY A. CLARK. Motion of defendant for appointment of private counsel is denied, and the Public Defender is directed to represent the defendant in the further prosecution of his appeal before Supreme Court. *Julius C. Michaelson*, Attorney General, for plaintiff. *William F. Reilly*, Public Defender, *Barbara Hurst*, Asst. Public Defender, for defendant.

M. P. No. 76-165. WILLIAM D. MELLO *v.* JAMES W. MULLEN, *Warden.* Petition for writ of habeas corpus is assigned for hearing on the merits to May 7, 1976 at 9:30 a.m. *Paul J. DiMaio, Edward John Mulligan*, for plaintiff. *Julius C. Michaelson*, Attorney General, for defendant.

M. P. No. 76-175. BROWN'S FLOOR COVERING, INC. *et al. v.* RAYMOND CONSTRUCTION CO., INC. *et al.* Motion filed by Ray-

928

mond Construction Co., Inc., defendant, seeking an extension of time for the transmittal of the record made in Superior Court. It is filed pursuant to court's Rule 11(c) which allows such an extension upon a showing that the movant's inability to cause a timely transmittal of the record is due to "causes beyond his control or to circumstances which may be deemed excusable neglect." Subsequent to the filing of this motion, a justice of the Superior Court after a hearing granted the plaintiffs' motion to dismiss the defendant's appeal on the basis that its failure to obtain an extension was neither attributable to circumstances beyond its control or excusable neglect. The defendant has appealed the decision.

Accordingly, the defendant's motion for an extension of time is denied without prejudice. It can be renewed and considered by us at the time its appeal is heard in this court. *William G. Gilroy, Winograd, Shine & Zacks, Cary J. Coen,* for plaintiffs. *DeSimone, Del Sesto & Del Sesto, Herbert F. DeSimone,* for defendant, Raymond Construction Co., Inc.

C. A. No. 74-63. STATE *v.* RICHARD E. FREEMAN AND JOHN M. ABBOTT. Motion of the State to clarify the record is denied as being moot. *Julius C. Michaelson,* Attorney General, *John A. Murphy,* Special Asst. Attorney General, for plaintiff. *William F. Reilly,* Public Defender, *Peter DiBiase,* Asst. Public Defender, for defendants.

C. A. No. 76-119. STATE *v.* RALPH DeMASI. Motion of defendant for bail is denied as moot. Bevilacqua, C. J. not participating. *Julius C. Michaelson,* Attorney General, for plaintiff. *Bevilacqua & Cicilline, John F. Cicilline,* for defendant.

C. A. No. 76-123. STATE *v.* MILTON C. MASSEY III. Motion of the defendant to transmit the record out of time is granted. *Julius C. Michaelson,* Attorney General, for plaintiff. *William F. Reilly,* Public Defender, *Barbara Hurst,* Asst. Public Defender, for defendant.